A91A0723. DEAN v. THE STATE.
(409 SE2d 667)

Banke, Presiding Judge.

After having pled guilty to an indictment charging him with possession of cocaine with intent to distribute and having been sentenced to five years' probation as a first offender pursuant to OCGA § 42-8-60 et seq., the appellant was again arrested for possession of cocaine with intent to distribute some two months later. He waived his right to a trial by jury following his indictment for this second offense; and after denying his motion to suppress the cocaine and cash which had been seized from his person at the time of his arrest, the trial court found him guilty of that offense. In addition, the court found him to be in violation of the first-offender probation he had received for the prior offense. At the subsequent sentencing hearing, the court adjudicated him guilty of the prior offense, sentenced him to five years' im-

prisonment on that conviction, and then, considering itself bound to do so by the language of OCGA § 16-13-30 (d), sentenced him to life imprisonment for the second offense. This appeal followed. *Held*:

1. The trial court did not err in denying the appellant's motion to suppress. The arresting officers had been instructed by their supervisor to investigate certain premises for illegal gambling and drug activity. After locating the house, a duplex with an unusually large number of cars parked in front of it, the officers walked to the front door, where, through a sheer curtain covering a window in the door, they were able to observe several men seated inside rolling dice, with piles of money situated beside them on the floor. One of the officers then walked over to another window a few feet away, which was also partially covered by a curtain, and by looking through a separation in the curtain was able to obtain an unobstructed view of the same activity. He then knocked on the front door. The man who opened the door recognized the officer and shouted his name, whereupon the appellant, who was among those present inside, ran to a bathroom. The officer pursued and apprehended him and discovered the evidence in question inside his jacket pocket during the ensuing search of his person.

"Where a police officer enters upon private property only to the extent of knocking on outer doors, the Fourth Amendment is not violated. *Gilreath v. State*, 247 Ga. 814, 819 (279 SE2d 650) (1981). . . . After all, such an officer is merely taking the same route as would any guest or other caller." *State v. Zackery*, 193 Ga. App. 319 (387 SE2d 606) (1989). Under the circumstances, we hold that the officers were entitled to look through the front door of the house and that, having done so, they acquired probable cause to believe the crime of gambling (OCGA § 16-12-21) was being committed therein. If this was not sufficient in and of itself to authorize the officers to arrest the appellant, his subsequent flight upon seeing them unquestionably established probable cause for his warrantless arrest and the ensuing warrantless search of his person. See *State v. Billoups*, 191 Ga. App. 834 (383 SE2d 198) (1989); *Cook v. State*, 136 Ga. App. 908, 909 (1) (222 SE2d 656) (1975); *Scott v. State*, 193 Ga. App. 74 (387 SE2d 31) (1989).

2. The appellant contends that the trial court violated both his federal constitutional right to due process and his federal constitutional right to be free from cruel and unusual punishment by sentencing him under the mandatory provision of OCGA § 16-13-30 (d), which provides as follows: "Except as otherwise provided, any person who violates subsection (b) of this Code section with respect to [specific controlled substances, including, but not limited to cocaine] shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years.

*Upon conviction of a second or subsequent offense,* he shall be imprisoned for life." (Emphasis supplied.) The appellant argues that the trial court construed this language in a way that he could not have anticipated by treating his commission of the second offense both as the basis for the revocation of his first-offender probation, which, in turn, resulted in his conviction of the original offense, and as the "second or subsequent offense" for which the statute mandates life sentence. We find this contention to be without merit. At the time he received first-offender probation for the original offense, the appellant was advised that if he violated the conditions of his probation, an adjudication of guilt would be entered against him based on his guilty plea, and he would be sentenced as provided by law for that offense. As a result of his commission of a subsequent offense, his probation was revoked, and he was convicted and sentenced for the original offense. Thereafter, a conviction and sentence was entered on the second offense. Under these circumstances, the later conviction clearly constituted a "conviction of a second or subsequent offense" within the contemplation of the statute.

We have previously held that the intent of the General Assembly in enacting § 16-13-30 (b) was "to deter repeat offenders of certain drug crimes enumerated in OCGA § 16-13-30 (b) and to segregate persons who have two convictions of such offenses from the rest of society for an extended period of time." *Mays v. State,* 200 Ga. App. 457 (408 SE2d 714) (1991). See also *Grant v. State,* 258 Ga. 299, 300 (368 SE2d 737) (1988). Indeed, in *Mays,* supra, we construed the statute in such a manner as to permit a defendant to be sentenced to life imprisonment on a prior offense, for which he had received first-offender treatment, following his conviction of a subsequent offense. We cannot accept that, having received first-offender probation for this previous cocaine offense and having committed the same crime again some two months later, the appellant in the present case stood in the same position with respect to the latter offense as if he had fully complied with the terms of his first-offender probation and had been discharged from all criminal liability for the original offense. The appellant's argument that to impose a life sentence against him under these circumstances is to violate his Eight Amendment right to be free from cruel and unusual punishment is clearly without merit. See *Grant v. State,* supra; *Rummel v. Estelle,* 445 U. S. 263 (100 SC 1133, 63 LE2d 382) (1980).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 — 

*Bobby J. Lindsey,* for appellant.

*Willis B. Sparks III*, District Attorney, *Sharon T. Ratley, Thomas J. Matthews*, Assistant District Attorneys, for appellee.