## A92A0619. CRAWFORD v. THE STATE.
(419 SE2d 754)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of two counts of selling cocaine. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The evidence adduced by the State was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The evidence showed that, after negotiating the sales, appellant left and then returned with the cocaine. Over appellant's objection, an officer testified that, in his experience, it was not unusual for

drug sales to be transacted in this manner. According to the officer, "[i]t's commonly practiced. . . . [A]n experienced drug dealer never keeps the drugs on his person." There was no error in allowing the officer to give this testimony. *Pittman v. State,* 172 Ga. App. 22, 24 (3) (322 SE2d 71) (1984).

3. During direct examination, another witness for the State was asked why confidential informants were generally used in drug cases. When the witness began to respond, appellant objected. The trial court sustained appellant's objection to the witness' response, but allowed counsel for the State to pursue the topic of the use of a confidential informant in the instant case. Obviously, appellant has no cause for complaint that his objection to the witness' original response was sustained and that the State was then allowed to adduce evidence relating to the specific drug sales that he had allegedly made.

4. During his closing argument, counsel for the State referred to appellant as a drug dealer. This reference prompted a motion for mistrial which appellant urges was erroneously denied. There was, however, no error in denying the motion. *Hogans v. State,* 251 Ga. 242, 243 (3) (304 SE2d 699) (1983).

5. Appellant had a prior conviction for selling cocaine. The State gave appellant timely pre-trial notice of its intent to rely upon that prior conviction in aggravation of his sentence for the instant offense. *Anderson v. State,* 199 Ga. App. 559, 560 (3) (405 SE2d 558) (1991). Compare *State v. Freeman,* 198 Ga. App. 553, 556 (3) (402 SE2d 529) (1991). Accordingly, the trial court correctly imposed a life sentence upon appellant pursuant to OCGA § 16-13-30 (d). See *Grant v. State,* 258 Ga. 299, 300 (2) (368 SE2d 737) (1988); *Dean v. State,* 200 Ga. App. 752, 753 (2) (409 SE2d 667) (1991). Appellant's remaining contentions regarding the construction and constitutionality of OCGA § 16-13-30 (d) have been considered and found to be without merit.

6. Prior to trial, the State voluntarily disclosed to appellant the identity of the confidential informant who had allegedly purchased the drugs. Appellant urges that the trial court erred in failing to conduct, on its own motion, a hearing to determine whether the State should disclose the identity of another confidential informant who had allegedly witnessed the sales. There is no merit in this contention. *Roberson v. State,* 195 Ga. App. 379 (1) (393 SE2d 516) (1990).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 8, 1992.

*Hagler, Hyles & Cain, Richard C. Hagler,* for appellant.
*Douglas C. Pullen, District Attorney, Kim B. Hoffman, Assistant*

*District Attorney*, for appellee.