A93A0371. MIDDLEBROOKS v. THE STATE.
(430 SE2d 163)

McMURRAY, Presiding Judge.

Via indictment, defendant was charged with three counts of violating the Georgia Controlled Substances Act (one count of selling cocaine, two counts of possessing cocaine with intent to distribute) and one count of obstruction of a law enforcement officer. Following a jury trial, defendant was convicted of selling cocaine and obstructing a law enforcement officer and was sentenced to 15 years in confinement (to serve seven). Defendant moved for a new trial, asserting, inter alia, ineffective assistance of trial counsel. The motion was denied and defendant appeals. In his sole enumeration of error, defendant contends he was denied his constitutional right to effective assistance of counsel. *Held*:

"The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings." (Citations and punctuation omitted.) *Richardson v. State*, 194 Ga. App. 358 (390 SE2d 442).

In the case sub judice, defendant did not make a showing that counsel's performance was not reasonable under the circumstances. The mere fact that defendant's counsel attempted to withdraw from the case (after defendant voiced his dissatisfaction with counsel when the case was called for trial) does not demonstrate deficient performance.

"A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. [Cit.] The trial court's finding in the instant case is not clearly erroneous." *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 18, 1993.

*Wayne B. Kendall*, for appellant.

Derrick Middlebrooks, *pro se.*

*Daniel J. Porter, District Attorney, Donald L. Johstono, Jr., Assistant District Attorney*, for appellee.