A93A2249. FULLER v. THE STATE.
(438 SE2d 183)

BLACKBURN, Judge.

Appellant Allen Harold Fuller was convicted of child molestation of his 12-year-old daughter. On appeal, Fuller asserts several enumerations of error.

1. In his first enumeration of error, Fuller contends that OCGA § 24-3-16 is unconstitutional as conflicting with the Confrontation Clause of the Sixth Amendment of the Constitution of the United States. Fuller contends that the Sixth Amendment conditions the admissibility of out-of-court statements made by a child upon the unavailability of the child to testify and, once the witness is shown to be unavailable, the statement is admissible only if it bears adequate indicia of reliability. Therefore, Fuller argues that the requirement of availability of the declarant in OCGA § 24-3-16 conflicts with the requirements of the Sixth Amendment.

Fuller asserts that in *Rolader v. State*, 202 Ga. App. 134 (413 SE2d 752) (1991) we indicated that OCGA § 24-3-16 conflicted with the Sixth Amendment. Our opinion in *Rolader* does not support Fuller's enumeration. First, in *Rolader*, the constitutionality of OCGA § 24-3-16 was not reached. Id. at 140. Additionally, a special concurrence was issued expressly disagreeing with the dicta upon which Fuller seeks to rely. See Rule 35 (b) of the Rules of the Court of Appeals. Finally, Fuller's argument was decided adversely to him by the Supreme Court of Georgia in *Allen v. State*, 263 Ga. 60 (428 SE2d 73)

(1993). Therein, the Supreme Court determined that such constitutional concerns were not present in OCGA § 24-3-16 as it required "both the presence of the declarant *and* sufficient indicia of reliability." (Emphasis supplied.) Id. at 61.

2. The trial court did not err in allowing the testimony of three witnesses regarding the child's out-of-court statements. Fuller argues that this testimony improperly bolstered the victim's testimony. However, this issue was decided adversely to Fuller in *Knight v. State*, 210 Ga. App. 228 (435 SE2d 682) (1993), where we determined that prior consistent out-of-court statements were admissible where the veracity of a witness was at issue. In the present case, the veracity of the victim was at issue; therefore, the admission of testimony regarding the victim's prior statements was admitted properly.

3. In his third and fourth enumerations of error, Fuller asserts that his character was placed impermissibly in evidence by the State's introduction of evidence of his abusive behavior toward his two sons, as well as the victim. However, Fuller failed to assert this argument below; therefore, it was not preserved for appellate review. *Price v. State*, 204 Ga. App. 288, 289 (419 SE2d 126) (1992).

4. Fuller contends that the trial court erred in its charge on child molestation by charging that the immoral and indecent acts could be performed with the intent to arouse or satisfy the sexual desires of either the child or the person, despite the language of the indictment which stated that the acts were done with the intent to arouse the accused. The trial court charged the entire Code section on child molestation. See OCGA § 16-6-4 (a). Fuller's argument was decided against him in *Potts v. State*, 207 Ga. App. 863, 865 (429 SE2d 526) (1993), where we determined that "[a] charge on a code section in its entirety is not error where a part thereof is applicable and it does not appear that the inapplicable part misled the jury or erroneously affected the verdict." (Citations and punctuation omitted.) Id. In the present case, as in *Potts*, supra, the trial court further charged that the defendant was on trial for the particular offense charged in the indictment. Therefore, Fuller's enumeration of error is without merit.

5. In Fuller's sixth enumeration of error, he contends that the trial court's charge on intent was "confusing and failed to inform the jury that he could have touched the victim without any unlawful intent and be innocent."

"The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same." (Citations and punctuation omitted.) *Hill v. State*, 205 Ga. App. 475, 476-477 (422 SE2d 564) (1992). The trial court charged that child molestation required intent to arouse or satisfy the sexual desires of either the child or the person and that intent was an essential element of the crime which required proof beyond a reasonable doubt. The

trial court's charge on intent was not misleading or confusing and was a correct statement of the law. Therefore, Fuller's enumeration is without merit.

6. In his final enumeration of error, Fuller contends that the verdict was against the weight of the evidence. We disagree. "Although the evidence was in conflict and depends largely on the credibility of the [12]-year-old victim, the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to support that verdict." (Citation and punctuation omitted.) *Hall v. State*, 201 Ga. App. 626 (1) (411 SE2d 777) (1991). We concluded that a rational trier of fact could have found Fuller guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 22, 1993.

*Ray B. Gary, Jr.*, for appellant.
*Thomas J. Charron*, District Attorney, *Rose L. Wing, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.