A94A0483. ELROD v. THE STATE.
(444 SE2d 595)

BEASLEY, Presiding Judge.

A five-count indictment was returned against appellant for second degree arson. OCGA § 16-7-61. The jury found him not guilty of the first two counts but guilty of the remaining three. He appeals the judgment of conviction, challenging the sufficiency of the evidence and the trial court's admission of his statement to police.

Appellant completed schooling up through the ninth grade. School personnel testified that although he is of average intelligence, he was placed in a special education class because of learning deficiencies in reading, math, and written expression. He learned to read and comprehend the printed word but not cursive writing. He did not always understand difficult words or complex sentences.

Lieutenant Kirk interviewed appellant concerning the charges against him. Kirk was not involved in, or given information concern-

---

ing, the investigation of these arsons. He conducted the interview at the request of another officer, at the community correctional center. Prior to questioning appellant, he advised him of his *Miranda* rights, and appellant said he understood them and that he would be glad to talk to Kirk. Kirk testified that he did not threaten, coerce, or intimidate appellant, or offer him any hope of benefit or reward.

Prior to making a statement, appellant, who was 17 years old, printed his name on a printed form acknowledging his waiver of rights. Kirk then asked appellant to tell him what happened. Appellant began giving an oral statement, which Kirk wrote down. Appellant then said he remembered an earlier incident which he had omitted from the statement, so he began his statement anew. Kirk began to write a new statement on another sheet. When completed, it was read aloud to appellant. Both documents were admitted in evidence, over objection.

Appellant related to Kirk the facts underlying the charges in Counts 1, 3, 4, and 5. He admitted participating in the arsons charged in Counts 3, 4, and 5, but stated that the ring leader, Hammontree, committed the arson charged in Count 1.

Following the *Jackson-Denno* hearing, the court found by a preponderance of the evidence that appellant was advised of his *Miranda* rights, understood and waived them, and "gave his statement completely and voluntarily without any hope of benefit or fear of injury."

Hammontree testified at trial to the facts underlying the charges against appellant in Counts 1 through 5. Appellant and Hammontree gave the same detailed description of the events in Counts 3, 4, and 5.

1. The first enumerated error is that in view of appellant's deficiencies of reading comprehension and written expression, the court was not authorized to find that his statements were freely and voluntarily given.

The deficiencies were not ones which would affect the validity of his oral statement, or the cursive writing which memorialized it and which was read to him, or the printed waiver. They would affect only his reading of the writing. Thus, the evidence supports the trial court's determination that appellant knowingly and intelligently waived his *Miranda* rights and voluntarily gave the statements written down by Kirk, free of undue influence. " 'There being ample evidence presented in the trial court to support its determination [in favor of admissibility], it will not be disturbed on appeal.' [Cit.]" *Donaldson v. State*, 249 Ga. 186, 190 (5) (289 SE2d 242) (1982).

2. Due to conflicts in the evidence created by appellant's testimony denying that he is guilty of the charges against him and by the testimony of his alibi witnesses, he contends that the evidence was insufficient to authorize a rational trier of fact to find him guilty be-

yond a reasonable doubt.

"'Although the evidence was in conflict . . . , the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to support that verdict.' (Citation and punctuation omitted.) [Cit.] We concluded that a rational trier of fact could have found [appellant] guilty . . . beyond a reasonable doubt. [Cit.]" *Fuller v. State*, 211 Ga. App. 104, 106 (6) (438 SE2d 183) (1993).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 11, 1994.

*Michael A. Corbin*, for appellant.

*Jack O. Partain III*, District Attorney, *Kermit N. McManus*, Assistant District Attorney, for appellee.

