## A94A2145. KIMBROUGH v. THE STATE.
### (450 SE2d 457)

BIRDSONG, Presiding Judge.

Cedric Kimbrough appeals his conviction for sale of cocaine and trafficking in cocaine. The evidence showed appellant sold crack cocaine to an undercover agent after an informant took the agent to appellant's house. Search by warrant revealed 12 rocks of crack cocaine in appellant's bedroom and a 41-gram cocaine "cookie" (69 percent pure cocaine) in the attic. Appellant has submitted a 79-page brief without authorization, in violation of Court of Appeals Rule 11 (e). *Held*:

1. Appellant contends the trial court committed harmful error in allowing the arresting officer, who was not qualified as an expert witness, to testify that the street value of the seized cocaine was between $10,000 and $15,000. This was not error. The officer testified as to his qualifications and experience as a veteran of the police force and as an undercover narcotics detective making actual drug purchases. "It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert." *Pittman v. State*, 172 Ga. App. 22, 24 (3) (322 SE2d 71). When a proper foundation has been laid, a police officer may testify about elements of crime with which he is familiar in his experience; we have allowed such evidence concerning drug commerce. See, e.g., *Crawford v. State*, 204 Ga. App. 514 (2) (419 SE2d 754). To qualify as an expert, generally all that is required is that a person be knowledgeable in a particular matter; his special knowledge may be derived from experience as well as study, and formal education in the subject is not a requisite for expert status. *Davis v. State*, 200 Ga. App. 44 (2) (406 SE2d 555). Opinion evidence offered by such an expert witness is admissible as well. Id. at 46. Appellant cites *Robinson v. State*, 203 Ga.

App. 759 (417 SE2d 404) as a case where we yielded to the trial court's discretion to admit a crime lab chemist's testimony as expert evidence of street value of drugs, only because of the chemist's formal education and background. This assertion is spurious, both as to the case and as to the concept. As stated above, "formal" education is not a requisite to the admission of expert testimony. As a matter of common sense, the "street value" of drugs is more peculiarly in the ken of an officer working on the street or buying drugs incognito, and such an officer is more likely to be knowledgeable on that subject than a laboratory chemist who has no actual experience in the purchase of drugs on the street. The officer testified as to the value of this seized cocaine based on his knowledge of how crack cocaine is packaged and what it sells for on the street, which defines "street value."

2. In three enumerations appellant contends it was harmful, constitutional error to allow the officer to bolster his opinion testimony as to the value of the cocaine when such testimony had not been impeached, and by using hearsay. Appellant refers to the prosecutor's query whether the officer "made up" his figures as to value of the cocaine seized, and the officer's reply that there was "a sheet that we have in the office that we normally go by. . . . We have a certain standard sheet that . . . informs us of what the value of it is and what it costs." Defense counsel objected to this volunteered statement only on grounds that it was hearsay. The trial court overruled the objection.

(a) The rule given in *State v. Braddy*, 254 Ga. 366, 367 (330 SE2d 338) that normally "a party may not bolster the veracity of its own witness until the witness has been impeached by the adverse party," refers to character evidence intended to show a witness' *veracity*, that is, his tendency to tell the truth. Even assuming an objection had been properly made, the officer's testimony was not evidence going to his veracity.

(b) Any error in the trial court's overruling of the hearsay objection to the officer's mention of a "sheet" which was not produced in court was not harmful, reversible error. The officer had given his opinion of the value of the cocaine seized, based on his knowledge of how this amount of the cocaine would be packaged and sold. His statement that there was a "sheet" indicating values based on information from street dealers and the experience of narcotics agents was merely cumulative. It added nothing to the officer's testimony based on his own experience as a narcotics agent. It is highly probable any possible error did not affect the verdict. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515).

(c) We find no error of constitutional proportions (right to confrontation) in the overruling of appellant's hearsay objection to this evidence. The officer did not testify what was on the "sheet," but

merely stated that his opinion was based on information learned by him in the course of his work on the street and in his job. Moreover, any error would not warrant reversal of this verdict. See *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

3. Appellant contends the trial court erred by bolstering the credibility of a State's witness in the charge on expert witnesses, by improperly implying the undercover agent was an expert. In fact, the testimony of the agent was properly admitted as expert evidence, so any inference by the jury that the officer was an "expert" could not have been error. The trial court correctly charged that the weight to be given expert witness testimony is a question for the jury, and that the jury was "not required to accept the opinion testimony of any witness, expert or otherwise." The whole charge was correct and not misleading. See *Fuller v. State*, 211 Ga. App. 104 (5) (438 SE2d 183). Appellant also contends the agent was not an expert because the trial court did not expressly find him to be one and that the trial court should have told the jury he was not an expert. Appellant cites no authority for this assertion and has abandoned it. Court of Appeals Rule 15 (c). It is, moreover, wrong. It would have been error to limit the expert witness charge to the testimony of crime lab experts, for the reasons stated in Division 1.

4. The charge that "reasonable evidentiary certainty is all that can be expected in [a] legal investigation" did not permit the jury to convict appellant on a lesser standard than "beyond a reasonable doubt." The charge was not reversible error. See *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516); *Oliver v. State*, 207 Ga. App. 681 (2) (428 SE2d 681).

5. Appellant asserts inadequacy of trial counsel in counsel's failure to communicate a plea bargain offer to appellant and counsel's failure to reserve exception to the trial court's jury charges. At a new trial hearing on this issue, the trial court found these assertions without merit. A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless it is clearly erroneous. *Middlebrooks v. State*, 208 Ga. App. 23, 24 (430 SE2d 163). The trial court's determination that counsel did not fail to communicate a plea bargain offer to appellant was a matter of credibility of witnesses, and we are not authorized to disturb it. *Lee v. State*, 205 Ga. App. 139, 140-141 (421 SE2d 301). Failure to reserve objections to the charge could not have harmed appellant as the charges were not error. To show inadequacy of trial counsel, a defendant must establish not only that counsel's conduct fell below an objective standard of reasonableness, but, further, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bowley v. State*, 261 Ga. 278, 280 (404 SE2d 97). Appellant has made no such showing.

6. We have reviewed the evidence and find it sufficient to persuade a rational trier of fact of appellant's guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 21, 1994.

*Travis T. Vance III*, for appellant.

*Lewis R. Slaton, District Attorney, Penny A. Penn, Rebecca A. Keel, Assistant District Attorneys*, for appellee.