A95A1721, A95A1937. LINDO v. THE STATE (two cases).
(463 SE2d 148)

McMURRAY, Presiding Judge.

Defendant was indicted for child molestation in that he did have forcible intercourse with an 11-year-old child. The evidence adduced at a jury trial reveals that defendant began a romantic relationship with the victim's mother in 1991 and that defendant was thereby a frequent overnight visitor into the victim's home. On the evening of April 3, 1993, the mother left the victim (then 11 years of age) and her younger brother at home alone, instructing the children, "if [defendant] comes [while I am away,] let him in and . . . tell him [I will] be back later on that night." Later that evening, defendant appeared at the victim's home and began ringing the doorbell and rapping on a window. Aroused from sleep, the victim opened the door and allowed defendant to gain entry pursuant to her mother's instructions. The child then returned to bed.

After looking around the house, defendant went to the bedroom where the victim was sleeping and asked the child, "Where is everybody?" Defendant left the room after the victim responded, but soon returned, placing the child in his lap and "rocking [her] back and forth." Defendant then pinned the victim on the bed and began "wiggling." Soon thereafter, defendant removed portions of the young girl's clothing and forced her to endure sexual intercourse. After this

invasion, the child fled to her sister's room, locked the door and waited for her mother to return home.

The mother returned home at about 1:30 in the morning and found the victim standing at a window, "saying mommy, mommy [and] holding herself, holding her stomach." Before the mother could determine the reason for the child's distress, defendant appeared from a nearby bedroom and, using "lip motions," instructed the child, "Don't tell." The mother then separated the victim from defendant, and the child informed her mother about the sexual assault. The mother immediately confronted defendant with the charges. Defendant replied, "She must have been dreaming."

The jury found defendant guilty of child molestation, and the trial court entered a twelve-year sentence, eight years to serve in prison. Defendant filed a motion for new trial and a motion to be released on bond pending appeal. The trial court denied both of these motions, finding (in a separate order) that "[d]efendant is originally from Jamaica, and at the trial of this case, there was evidence that he intended to return to Jamaica[, and since defendant] is now under a sentence of eight years in prison to be followed by four years on probation, this court concludes that there is a substantial risk of flight if he is released at this time."

Defendant filed an appeal from the denial of his motion for new trial in Case No. A95A1721 and a separate appeal from the denial of his motion for bond pending appeal in Case No. A95A1937. We now consider both appeals. *Held*:

## Case No. A95A1721

1. Defendant contends the evidence was insufficient to support his conviction for child molestation, arguing that uncorroborated inconsistencies in the victim's testimony diminished the value of her testimony. This contention is without merit.

The victim's testimony regarding the manner in which defendant committed the crime charged, along with her mother's testimony that the child reported the assault immediately after commission of the crime charged, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of child molestation as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Morales v. State*, 210 Ga. App. 414, 415 (1) (436 SE2d 528). The victim's credibility was properly resolved by the jury. *Fuller v. State*, 211 Ga. App. 104, 106 (6) (438 SE2d 183).

2. Defendant next contends he was denied effective assistance of counsel, arguing that his trial attorney failed to investigate the victim's background, failed to file any pre-trial discovery motions and was not familiar with circumstances under which the victim may have

been impeached. Defendant also contends his trial attorney ineffectively failed to "preserve voir dire, opening or closing statements." Finally, defendant claims that trial counsel's "other errors included not objecting to leading questions on direct examination in several instances, . . . placing [his] reputation for honesty at issue, . . . calling a doctor whose practice is limited to diseases of individuals between 17 and up, . . . not attempting to cast any doubt on the child's story by offering possible reasons for her to fabricate, and failing to move for a directed verdict of acquittal."

"To show inadequacy of trial counsel, a defendant must establish not only that counsel's conduct fell below an objective standard of reasonableness, but, further, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bowley v. State*, 261 Ga. 278, 280 (404 SE2d 97)." *Kimbrough v. State*, 215 Ga. App. 303, 305 (5) (450 SE2d 457). Defendant has made no such showing in the case sub judice. Defendant produced no proof which could have been used to his advantage at trial, but was not; he fails to allege (on appeal) any error which would be uncovered via a transcript of "voir dire, opening or closing statements" and he fails to offer any compelling authority or argument refuting the trial court's finding that the "other errors" allegedly committed by defense counsel at trial were not prejudicial to defendant, not supported by the record or not outside the realm of discretionary trial tactics.[1] "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless it is clearly erroneous. *Middlebrooks v. State*, 208 Ga. App. 23, 24 (430 SE2d 163)." *Kimbrough v. State*, 215 Ga. App. 303, 305 (5), supra. We find no such error in the case sub judice. Accordingly, the trial court did not err in denying defendant's motion for new trial based on defendant's claim of ineffective assistance of trial counsel. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674); *Zant v. Moon*, 264 Ga. 93, 96 (2) (440 SE2d 657).

3. Defendant contends the trial court erred in admitting a videotaped interview of the victim pursuant to OCGA § 24-3-16, arguing that the circumstances of the victim's statement did not provide sufficient indicia of reliability. See *Gregg v. State*, 201 Ga. App. 238, 240

---

[1] The trial court rejected defendant's assertions of ineffective assistance of counsel, finding (in pertinent part) that defense counsel's "failure to object to leading questions on two occasions during trial clearly did not prejudice the defendant[; that defense counsel's] failure to call [a physician experienced] in the area [of child sexual abuse cases] was not prejudicial since the testimony of the State's own expert was beneficial to the defense[; that concerning] the possibility that the victim's testimony was fabricated, [defense counsel] attempted to impeach the victim through the inconsistencies in her accounts of the molestation [and that defense counsel's] decision to question the victim's mother about the defendant's honesty was a tactical decision."

(3) (b) (411 SE2d 65).

Although defense counsel objected at trial to the admission of the videotaped interview, he did not raise the specific ground now asserted on appeal.[2] Under such circumstances, there remains nothing for appellate review. *Dupree v. State*, 206 Ga. App. 4 (1) (a) (424 SE2d 316). Nonetheless, our review of the victim's trial testimony and her videotaped interview (which was transcribed but not available for inclusion in the record on appeal) persuades us that the indicia of reliability outlined in *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b), supra, were present in the case sub judice. "Moreover, as in *Gregg*, supra at 241 (3) (c), the victim testified at trial and was subject to cross-examination, thereby providing an additional safeguard of [defendant's] rights." *Dupree v. State*, 206 Ga. App. 4 (1) (a), supra. Under these circumstances, the trial court did not err in admitting the videotaped interview of the victim pursuant to OCGA § 24-3-16.

### Case No. A95A1937

4. Applying for an expedited appeal in Case No. A95A1937, defendant contends the trial court erred in denying his motion for supersedeas bond and argues that he "is within the class of persons eligible for bond pending appeal[; that he] met his burden of proving himself suitable for bond pending appeal [and that the trial court's] finding regarding a substantial risk of flight is unsupported by the record."

This Court will not set aside an order denying a motion for supersedeas bond if there is any evidence to support the trial court's ruling. *Parrish v. State*, 182 Ga. App. 247, 250 (8), 251 (355 SE2d 682). In the case sub judice, the trial court denied defendant's motion to be released on bond pending an appeal based on a finding that defendant poses a significant risk of fleeing the jurisdiction. See OCGA § 17-6-1 (e) (1). Defendant's own trial testimony supports this conclusion. In fact, both defendant and the victim's mother testified that defendant was planning to return to Jamaica (defendant's place of birth) shortly before the incident which gave rise to the case sub judice. Further, defense counsel (now appellate counsel) admitted at the hearing on defendant's motion for supersedeas bond that defend-

---

[2] Defense counsel asserted the following objection before the videotape was admitted at trial: "At the time that this video was taken [the interviewing law enforcement officer] attempted to give the young lady an oath and to qualify her for competency as — as having her understand the meaning of giving an oath. And in my review and estimation of it, she never intelligently articulated the fact that she understood that she should give an oath, or the meaning of giving an oath. And it was more of a prompting [by the interviewing officer, Detective Paul Warner of the DeKalb County Police Department's Youth and Sex Crimes Unit,] than anything else."

ant has no family in Georgia; that defendant's mother resides in New York and that defendant "does not have any other representatives [in Georgia] that can help him to deal effectively with his case. . . ." Under these circumstances, we cannot say the trial court abused its discretion in denying defendant's motion to be released on bond pending appeal.

*Judgments affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 6, 1995 —
RECONSIDERATION DENIED OCTOBER 20, 1995 —

*Charlotte Y. Kelly*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.