A00A1802. ALLEN v. THE STATE.
(539 SE2d 211)

MIKELL, Judge.

Benjamin Allen was convicted of first degree arson and theft by taking. His motion for new trial was denied. Allen appeals only his arson conviction, arguing that the evidence was insufficient to support a guilty verdict. Finding the evidence sufficient, we affirm.

On appeal, Allen no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to support the verdict.[1] Our review is limited to determining whether any rational

---

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Construed in the light most favorable to the jury's verdict, the evidence shows that Captain Jerry Torbert of the Lamar County Sheriff's Department received a 911 emergency call at 11:18 p.m. on April 24, 1998, reporting that the residence leased to Priscilla Parsons was on fire. Investigation by the fire department determined that the fire had been deliberately set in at least three locations in the house.

The evidence also shows that Allen lived in the residence with Parsons; however, she had asked him to vacate the house three days before the fire. Parsons testified that she and Allen had a telephone conversation on the night of the fire at approximately 11:00 p.m.; she was at work, and he was at the house. During the telephone conversation, Parsons insisted that Allen move out of the house.

Terry Cook, a friend of Parsons, testified that he encountered Allen on the night of the fire, and that Allen told Cook he would "burn [the house] down" if Parsons did not resume their relationship. The evidence further shows that Allen's uncle picked up Allen outside of the house at or around 11:00 p.m. that night and drove him to Atlanta.

We conclude that the evidence was sufficient for the jury to determine beyond a reasonable doubt that Allen was guilty of first degree arson by "knowingly damag[ing]" Parsons' residence "by means of fire."[3]

Allen argues that Cook was not a credible witness; however, "the credibility of witnesses was a matter for the jury; on appeal we consider the sufficiency of the evidence."[4]

Next, Allen argues that his presence at the scene of the fire shortly before it was discovered is not sufficient to prove that he started the fire. Allen is correct that mere presence at the scene of a crime cannot support a conviction; however, the evidence shows far more than Allen's presence. Testimony regarding Allen's "statements and conduct before and after the arson . . . coupled with his presence on the scene" provided sufficient evidence for the jury to conclude that Allen was guilty of first degree arson.[5] According to Cook, Allen told him that "if [Parsons] don't come home today, she ain't going to have no place to come to," and that "I'm going to burn it down."

Allen's threats to burn the house, considered in connection with

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 16-7-60.

[4] (Citations and punctuation omitted.) *Moak v. State*, 222 Ga. App. 36, 38 (1) (473 SE2d 576) (1996); see also *Elrod v. State*, 213 Ga. App. 208, 210 (2) (444 SE2d 595) (1994).

[5] *Moak*, supra, 222 Ga. App. at 37.

his last-minute plea to Parsons to resume their relationship, Parsons' insistence that he vacate the premises, his presence at the house, and his rapid departure at or around the time the fire was estimated to have started, sufficiently support the jury's verdict.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 13, 2000.

*Lynn Wilson*, for appellant.

*Richard G. Milam, District Attorney, Paul E. Hemmann, Assistant District Attorney*, for appellee.

---

[1] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).