**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**January 14, 2014**

# In the Court of Appeals of Georgia

A13A1793. KIMBROUGH v. THE STATE.

PHIPPS, Chief Judge.

Cedric Kimbrough appeals the denial of his motion to "vacate/correct void sentence." For reasons set forth below, we vacate the denial of the motion and remand the case for dismissal of Kimbrough's motion.

After a jury trial held in April 1993, Kimbrough was convicted in Fulton County Superior Court upon charges that: (i) on December 12, 1992, he sold cocaine; and (ii) on December 17, 1992, he was in possession of cocaine with the intent to distribute. On April 28, 1993, in connection with those charges, the court imposed upon Kimbrough recidivist punishment of two concurrent terms of life imprisonment.

On Kimbrough's direct appeal,[1] this court determined, inter alia, that the evidence was sufficient to uphold the drug convictions,[2] reciting:

> The evidence showed appellant sold crack cocaine to an undercover agent after an informant took the agent to appellant's house. Search by warrant revealed 12 rocks of crack cocaine in appellant's bedroom and a 41-gram cocaine "cookie" (69 percent pure cocaine) in the attic.[3]

In 2011, Kimbrough filed a motion in the sentencing court, seeking relief from the life sentences as void. Kimbrough claimed that the court had impermissibly enhanced punishment for the two drug offenses.

"A sentence is void if the court imposes punishment that the law does not allow."[4] In December 1992,[5] when Kimbrough committed the drug offenses in

---

[1] *Kimbrough v. State*, 215 Ga. App. 303 (450 SE2d 457) (1994).

[2] Id. at 306 (6).

[3] Id. at 303.

[4] *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) (citations and punctuation omitted).

[5] See *Yates v. State*, 263 Ga. App. 29, 30 (2) (587 SE2d 180) (2003) ("Where a crime is committed on a certain date, the penalty which attached to the crime on the date is the penalty exacted by our law.").

2

violation of subsection (b) of former Code section 16-13-30[6] (which gave rise to the life sentences at issue), subsection (d) of that Code section provided, "Upon conviction of a second or subsequent offense [in violation of subsection (b)] he shall be imprisoned for life."[7]

The record of the prosecution against Kimbrough for the December 1992 drug offenses reveals that the state filed notice of its intent to introduce two specified prior convictions in aggravation of punishment. Across the face of the notice was conspicuously handwritten: "Please note that Def has prior conviction for poss. w/intent VGCSA – requiring a mandatory life sentence if he is convicted." Thus, upon the jury's return of the guilty verdicts, the state introduced in evidence at the sentencing hearing certified copies of the two specified prior convictions: (i) a 1991 conviction for drug possession with intent to distribute, for which Kimbrough had received a (probated) five year sentence; and (ii) a 1992 conviction for robbery and possession of a firearm during the commission of that felony, for which Kimbrough had received a (probated) five year sentence. The prosecutor argued that, given the

---

[6] (Providing, in pertinent part, that "it is unlawful for any person to . . . sell or possess with intent to distribute any controlled substance"). See Ga. L. 1980, p. 432 § 1.

[7] See Ga. L. 1980, p. 432 § 1.

1991 drug conviction, "[a conviction upon a drug charge then at issue] would be his second possession with intent conviction and that therefore he should be sentenced to life."

Kimbrough took the stand at the sentencing hearing and denied the 1992 convictions. But on cross-examination, the prosecutor adduced the following:

Q: . . . [D]o you have a possession with intent conviction?
A: Yes.
Q: From 1991 when you received five years probation?
A: Right.

The prosecutor thereafter argued to the court that "because [Kimbrough] has previously been convicted of possession with intent, . . . there should be a mandatory life sentence, and that is even if the court doesn't take into account the armed robbery conviction." The court agreed, expressly citing OCGA § 16-13-30 (d).

In denying Kimbrough's 2011 motion to "vacate/correct void sentence," the trial court expressly relied on the former version of OCGA § 16-13-30, noted the 1991 drug conviction, and found that Kimbrough had been properly sentenced in 1993 as a recidivist. In this appeal, Kimbrough maintains that he is entitled to relief from his life sentences as void, attacking the denial of his motion on three grounds.

4

1. Kimbrough contends that the trial court erred by refusing to declare his life sentences void, maintaining that the recidivist punishment was *not* supported by a requisite predicate drug conviction. This contention is unavailing for the following reason.

In its recent decision of *von Thomas v. State*,[8] the Supreme Court of Georgia reiterated,

> When a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited. The sentencing court generally has jurisdiction to modify or vacate such a sentence only for one year following the imposition of the sentence.[9] But a sentencing court has jurisdiction to vacate a void sentence *at any time*.[10]

In this case, Kimbrough filed a motion to vacate his life sentences nearly two decades after they were imposed. Given that time frame, as explained by *von Thomas*,[11] "the sentencing court . . . had jurisdiction of [Kimbrough's] motion only to the extent that

---

[8] Supra.

[9] OCGA § 17-10-1 (f).

[10] *von Thomas*, supra at 571 (2) (citation and punctuation omitted; emphasis in original).

[11] Supra.

[he] presented a *cognizable* claim that [a life] sentence was void."[12] We conclude that Kimbrough's motion did not.

In his motion, Kimbrough conceded that former Code section 16-13-30 (d) mandated a life sentence upon a second conviction for violating subsection (b), but asserted that his 1991 drug conviction did not constitute a requisite former conviction for a violation of subsection (b).[13] Thereby challenging *only* the existence or validity of the factual or adjudicative predicate for the 1993 recidivist life sentences, Kimbrough's motion presented no claim that a sentence was *void* as constituting "punishment that the law does not allow."[14] As explained in *von Thomas*,

> Whether a sentence amounts to "punishment that the law does not allow" depends not upon the existence or validity of the factual or adjudicative predicates for the sentence, but whether the sentence imposed is one that legally follows from a finding of such factual or adjudicative predicates.[15]

---

[12] Id. at 569 (emphasis supplied).

[13] See generally *Ward v. State*, 299 Ga. App. 63, 64 (682 SE2d 128) (2009) ("[I]n determining whether a purported motion to correct or vacate a void sentence is in fact such a motion, we look to the substance of the motion rather than its nomenclature.") (citation, punctuation, and footnote omitted).

[14] *von Thomas*, supra at 571 (2) (citation omitted).

[15] Id. at 571-572 (2).

"Both [the Supreme Court of Georgia and this court] have held that a defendant can waive a claim that the State failed to prove the existence of a prior conviction by admissible evidence."[16] And as reasoned by *von Thomas*, "[b]ecause such claim[ ] can be waived, [it] necessarily do[es] not amount to [a] claim[ ] that the sentence imposed was void, inasmuch as a sentence which is not allowed by law is void, and its illegality may not be waived."[17]

Because Kimbrough's motion presented no cognizable claim that a sentence was void, the trial court should have dismissed the motion for lack of jurisdiction.[18] In accordance with *von Thomas*, we must "vacate the decision of the sentencing court and . . . remand to the sentencing court for dismissal of the motion."[19]

2. Kimbrough's remaining two attacks are also unavailing.

---

[16] Id. at 572 (2) (citing such cases).

[17] Id. at 573 (2) (citations, punctuation, and emphasis omitted).

[18] See id. at 569, 575 (3).

[19] Id. (explaining that where the appellant failed to present to the sentencing court any claim cognizable as one asserting that the sentence was void, the appellate court should vacate the sentencing court's denial of the motion and remand the case to the sentencing court for dismissal of the motion for lack of jurisdiction; further cautioning Court of Appeals from reaching merits of claim not cognizable as one asserting that the sentence is void).

(a) Kimbrough complains that the trial court disposed of his motion to vacate without first conducting a hearing. Kimbrough has failed to cite any authority that he was entitled to a hearing, and we find none.

(b) Kimbrough claims that the record fails to prove that he was on notice that the state would seek recidivist sentencing during the 1993 prosecution. Kimbrough did not claim lack of notice prior to *this* appeal;[20] and even if he had raised it in his motion to "vacate/correct void sentence," such a claim was not cognizable as asserting that either life sentence was void.[21]

*Judgment vacated and case remanded with direction. Ellington, P. J., and Branch, J., concur*.

---

[20] See Division 1, supra; see also *Kimbrough*, supra (setting forth contentions made by Kimbrough on direct appeal).

[21] See *von Thomas*, supra at 572-573 (2) (determining that "a defendant can waive a claim that the State did not give proper notice of prior convictions used in aggravation of sentence," and that, because such a claim can be waived, it necessarily does not amount to a claim that the sentence was thus void); *Ward*, supra at 64-65 ("[F]ailure to adhere to [notice] procedures, while subject to timely appellate review as to whether sentence was lawfully imposed, does not render sentences imposed without such procedures 'void' so as to secure direct appellate review subsequent to the first appeal.") (citation, punctuation, emphasis, and footnote omitted).