# Court of Appeals
# of the State of Georgia

ATLANTA,___June 18, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1879.  EDWARD NEWSOME v. THE STATE.**

In 2012, Edward Newsome pled guilty to two counts of robbery by intimidation, and he was sentenced as a recidivist to twenty years, with the first ten to serve in confinement without possibility of parole.  He later filed a motion for a free copy of his guilty plea transcript and other records, as well as a motion to correct his allegedly void recidivist sentence.  The trial court denied both motions, and Newsome appeals.  We, however, lack jurisdiction.

With respect to Newsome's motion for a free transcript and other records, "if no petition for habeas corpus is pending at the time an indigent prisoner makes any application for a transcript . . . for purposes of collateral attack upon his conviction or sentence, that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996.  Specifically, appeals from the denial of any such application for free transcripts for post-conviction collateral attack must comply with the discretionary appeal procedures of OCGA § 5-6-35." *Coles v. State*, 223 Ga. App. 491, 492 (1) (477 SE2d 897) (1996); see OCGA § 42-12-8.  Because Newsome has not shown that he has a pending habeas corpus petition, he was required to appeal the trial court's ruling by discretionary application.

With respect to Newsome's motion to correct his sentence, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment

that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). Newsome argues that his sentence is void because the trial court improperly sentenced him as a recidivist despite the State's failure to give notice that it intended to seek recidivist sentencing. The law is clear, however, that a claim of improper notice of the State's intent to seek recidivist sentencing does not qualify as a colorable void-sentence claim. See *VonThomas v. State*, 293 Ga. 569, 572-573 (2) (748 SE2d 446) (2013); *Kimbrough v. State*, 325 Ga. App. 519, 523 (2) (b) (754 SE2d 109) (2014). Newsome also argues that he received ineffective assistance of counsel, but this, too, is not a colorable void-sentence claim. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*    06/18/2015
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*