# Court of Appeals
# of the State of Georgia

ATLANTA,  December 23, 2015

*The Court of Appeals hereby passes the following order:*

## A16A0491. CHARLES D. HARRELL v. THE STATE.

Charles D. Harrell pled guilty to numerous counts of theft by taking, and the trial court sentenced him to serve ten years on probation. In November 2013, the trial court entered an order revoking four years of probation based upon the commission of new felonies. On September 1, 2015, Harrell filed a motion to correct an illegal sentence, arguing that, because the prosecutor had entered orders of nolle prosequi on the new felonies, the trial court was limited to revoking only two years of probation. The trial court denied the motion, and Harrell filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013). A challenge to the predicate facts underlying a sentence does not constitute a valid void sentence claim. See id.; *Kimbrough v. State*, 325 Ga. App. 519, 522 (1) (754 SE2d 109) (2014).

Here, Harrell's claim that the entry of nolle prosequi invalidates his sentence following the revocation of his probation is a challenge to a factual predicate. Accordingly, he has not raised a valid void sentence claim, and this appeal is hereby

DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ____12/23/2015____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*

---

[1] Further, to the extent that Harrell's motion may be construed as a challenge to the revocation of his probation, his failure to comply with discretionary appeal procedure deprives us of jurisdiction. See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998).