# Court of Appeals
# of the State of Georgia

ATLANTA,  February 22, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0908.  TORLEADOS D. BUTLER v. THE STATE.**

In November 2019, Torleados D. Butler pleaded guilty to multiple offenses, including commission of a crime by a convicted felon through the use of a firearm in violation of OCGA § 16-11-133 (Count 6).[1] He was sentenced to 15 years. More than two years later, Butler filed a motion for sentence modification. The trial court denied the motion because it was untimely and found that Butler's sentence was proper. Butler thereafter filed this direct appeal, arguing that his sentence on Count 6 is void.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void." *Frazier*, 302 Ga. App. at 348. A sentence is void only if it imposes punishment that the law does not allow, most typically because it exceeds the most severe punishment allowed. *von Thomas v. State*, 293 Ga. 569, 571-572 (2) (748 SE2d 446) (2013).

---

[1] Butler also pleaded guilty to a violation of the Street Gang Terrorism and Prevention Act and aggravated assault. Other counts against him were nolle prossed by the State.

Here, Butler does not argue that his sentence exceeds the most severe punishment allowed, and his sentence on Count 6 does not do so. See OCGA § 16-11-133 (c). Rather, he claims that his prior convictions were "insufficient" to constitute predicate offenses within the meaning of OCGA § 16-11-133 (b). A challenge to "the existence or validity of the factual or adjudicative predicates" of a sentence does not constitute a valid void-sentence claim. See *von Thomas*, 293 Ga. at 571 (2); *Kimbrough v. State*, 325 Ga. App. 519, 522 (1) (754 SE2d 109) (2014). Because Butler has not raised a valid void-sentence claim, he is not entitled to a direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/22/2023_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*