A00A1586. MADGE v. THE STATE.
(538 SE2d 907)

BLACKBURN, Presiding Judge.

Following a jury trial, Elijah Madge appeals his convictions of selling marijuana and giving a false name to a police officer. Madge contends that the evidence was insufficient to support the convictions; that he received ineffective assistance of counsel; and that the trial court erred by denying his motion in limine to exclude an officer's testimony regarding Madge's identification. For the reasons set forth below, we affirm.

1. On appeal from a criminal conviction,

the evidence must be viewed in the light most favorable to support the verdict, and [Madge] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State*;[1] see *Jackson v. Virginia*.[2]

So viewed, the evidence at trial showed that Officers Craig Dong and David Felker of the Marietta-Cobb-Smyrna Narcotics Unit were conducting undercover drug transactions in the area of Delk Road and Interstate 75. They saw Madge sitting on the curb of a motel driveway and asked him if he knew "where [they] could get any

---

[1] *Ryals v. State*, 238 Ga. App. 578 (519 SE2d 505) (1999).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

smoke," a street term for marijuana. Madge said he knew where they could get some. After getting in the truck, Madge directed the officers to an apartment complex on Franklin Road.

At the apartment complex, Madge got out of the truck and spoke with an individual. Returning to the truck, Madge told the officers that the marijuana would cost $60 and to wait there. While the officers waited in the truck, they observed Madge wave at and then approach two men walking through the complex. After a short conversation with the two men, Madge returned to the truck and told the officers that if the first man could not provide the marijuana, these two men could provide it. At this point, the officers, pretending to get a page, left the apartment complex to call for backup. They told Madge they would return shortly.

Returning to the apartment complex, the officers learned that the first man would not provide the marijuana, but that the other men would. Madge and the men got in the truck, and Madge directed the officers to another apartment complex. At the second complex, one of the men, Lopez, spoke to a man in a white truck and then brought back to the officers a sandwich bag containing what appeared to be marijuana. After arguing that the $50 price was too high because the marijuana was poor quality, to which Madge agreed, the officers purchased the bag.

The transaction completed, Madge stayed in the officers' truck, having accepted their offer to join them in smoking the marijuana. Instead, however, the officers drove Madge to where uniformed officers were waiting to arrest him. After Madge had been arrested, Officer Dong asked Madge to identify himself. Madge gave his name as Jonathan Edward Young and gave his birth date as January 12, 1978. The officers later learned his true name and birth date.

With regard to his conviction of violation of the Georgia Controlled Substances Act, Madge contends that he was simply a bystander to the sale. Although mere presence in and of itself will not justify a conviction, the evidence here shows that Madge was more than just present. He procured the sale for the officers.

> A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. [OCGA § 16-2-20] (b) (3) and (4).

*Burks v. State.*[3] See *Wyatt v. State.*[4] Thus, the evidence is sufficient to

---

[3] *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997).
[4] *Wyatt v. State*, 194 Ga. App. 159 (390 SE2d 85) (1990).

authorize the jury's finding that Madge was guilty, beyond a reasonable doubt, of violating the Georgia Controlled Substances Act, being a party to the sale of marijuana. See *Jackson*, supra.

With regard to the false name conviction, "A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor." OCGA § 16-10-25. Madge gave a false name and birth date to Officer Dong. This evidence is sufficient to support the conviction. See *Jackson*, supra.

2. Madge raises as error the trial court's denial of his motion in limine to exclude the testimony of Officer Dong about Madge giving a false name. Madge erroneously contends that Officer Dong's request for his name should be excluded because he had not been given his *Miranda* warnings. However, *Miranda* does not apply in this situation because Madge was not being interrogated.

> The definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U. S. 291, 301-302 (100 SC 1682, 64 LE2d 297) (1980).

(Punctuation omitted.) *Edwards v. State*.[5] Asking for a person's name and birth date during the process of an arrest is not reasonably likely to elicit a response which incriminates one in the commission of a crime and, therefore, is not interrogation. Id.; *Mincey v. State*.[6] The trial court properly denied the motion in limine.

3. In two separate enumerations of error, Madge contends that he received ineffective assistance of counsel because trial counsel failed to: (1) request funds to hire and failed to hire an expert witness to challenge the drug testing by the State and (2) submit a request to charge on the State's drug testing. Ineffective assistance of counsel was raised by appellate counsel in an amended motion for new trial, and trial counsel testified at the hearing on the motion. The trial court found that Madge did not establish ineffective assistance of counsel. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Punctuation omitted.) *Stephens v. State*.[7]

To establish ineffective assistance of counsel, Madge

must show both that counsel's performance was deficient

---

[5] *Edwards v. State*, 220 Ga. App. 74, 77 (2) (467 SE2d 379) (1996).
[6] *Mincey v. State*, 257 Ga. 500, 506 (10) (360 SE2d 578) (1987).
[7] *Stephens v. State*, 224 Ga. App. 184, 186 (3) (480 SE2d 235) (1997).

and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To meet the first prong of this test, [Madge] must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. . . . The second prong requires that [Madge] show there is a reasonable probability that, absent counsel's unprofessional errors, the result of the trial would have been different.

(Punctuation omitted.) *Brady v. State.*[8]

(a) At trial, Madge's counsel cross-examined the State's witness extensively concerning the reliability of the various tests used to identify the marijuana. Madge contends that, instead, trial counsel should have requested funds to hire an opposing expert to testify that the testing methods used by the State were unreliable. Madge, however, has not produced evidence of record that establishes the inadequacy of the State's methods of testing drugs.

Madge cannot show, therefore, that there is a reasonable probability that, but for trial counsel's failure to hire an expert witness, the outcome of the trial would have been different. Although there was general testimony at the hearing about the reliability of the tests, Madge has not shown what his expert's testimony would have been in this case or how it would have affected the outcome of the trial. Absent a proffer of what the testimony of his expert would have been at trial, Madge cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course. *Ross v. State;*[9] *Adefenwa v. State;*[10] compare *Curry v. Zant.*[11] Moreover, the record shows that the jury was made aware of the possibility that the testing methods used by the State were unreliable. In addition to his thorough cross-examination of the State's witness, Madge's counsel also pointed out the unreliability of the methods in his closing argument.

Furthermore, at the hearing on the motion for new trial, trial

---

[8] *Brady v. State*, 270 Ga. 574, 576 (4) (513 SE2d 199) (1999).

[9] *Ross v. State*, 231 Ga. App. 793 (2)-(4) (499 SE2d 642) (1998).

[10] *Adefenwa v. State*, 221 Ga. App. 429 (3) (471 SE2d 900) (1996) (physical precedent only).

[11] *Curry v. Zant*, 258 Ga. 527 (371 SE2d 647) (1988).

counsel testified that he had researched the types of testing used by the State and that he used this research as a basis for his cross-examination. Trial counsel further testified that, at the time, he knew he could request funds from the trial court to hire an expert witness. However, he thought he could handle the State's witness's testimony about identifying the marijuana. It is only in retrospect that he thinks it would have been better to hire an expert. We do not judge effectiveness of counsel by hindsight or by what present counsel would have done. *Smith v. Francis.*[12]

(b) Trial counsel's failure to request a charge on the State's testing of the marijuana also does not constitute ineffective assistance of counsel. Madge argues that trial counsel should have requested a charge "along the lines that the State's evidence and testimony with regard to the conclusion that the substance involved was marijuana should be given less credibility because [the State's witness] was not qualified as an expert." However, since questions of weight and credibility of witness testimony are for the jury, such a charge would have been improper. *Kimbrough v. State.*[13] Trial counsel did not render ineffective assistance by failing to request such a charge.

The trial court properly denied Madge's motion for new trial based on ineffective assistance of counsel.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 11, 2000.

*Lauren L. Becker,* for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Maria B. Golick, Irvan A. Pearlberg, Assistant District Attorneys,* for appellee.

---

[12] *Smith v. Francis,* 253 Ga. 782 (325 SE2d 362) (1985).
[13] *Kimbrough v. State,* 215 Ga. App. 303, 305 (3) (450 SE2d 457) (1994).