## A02A0240. WILLIAMS v. THE STATE.
### (563 SE2d 914)

BLACKBURN, Chief Judge.

Larry G. Williams was charged with three counts of selling cocaine. He entered a guilty plea on the three counts of sale of cocaine and requested a pre-sentence hearing pursuant to OCGA § 17-10-2. After the pre-sentence hearing, the trial court sentenced Williams to ten years probation on Count 1, ten years probation on Count 2, and thirteen years imprisonment on Count 3. Williams appeals his sentence, contending that the trial court erred both in considering a probation officer's pre-sentence report in determining the length of his sentence and also in refusing to share with him the contents of the pre-sentence report. We find no merit in these contentions.

1. Information in pre-sentence reports may not be regarded as evidence either in aggravation or mitigation of sentence since the reports are not part of the evidence introduced at a pre-sentence hearing. *Benefield v. State*.[1] Williams maintains that the trial court improperly relied upon the pre-sentence report in sentencing him. He reasons that because the State produced nothing in aggravation at the pre-sentence hearing, and because the trial court imposed a sentence harsher than that recommended by the State in the settlement agreement, the harsher sentence must have been the result of the trial court's consideration of the pre-sentence report.

Williams's contention that the trial court made use of the pre-sentence report in fixing his sentence has no basis. The fact that the sentence imposed by the court is harsher than the recommended sentence set forth in the State's plea agreement proves nothing. Further,

[1] *Benefield v. State*, 140 Ga. App. 727, 738 (232 SE2d 89) (1976).

this Court has uniformly recognized a presumption, in the absence of a strong showing to the contrary, that the trial judge ignores illegal evidence and considers only legal evidence in imposing a sentence. *Welborn v. State*.[2] Moreover, "the trial court may give in its discretion any sentence prescribed by law for the offense." Id. In this case, the sentence is supported by the legal evidence in aggravation. The trial court made no mention of any other reasons for the severity of the sentences it imposed other than Williams's prior convictions, and in the absence of any indication that it relied on material to which Williams objected, we find the presumption unrebutted and an absence of error. See *Watkins v. State*.[3] Beyond this, since "the sentence is within the limits of the law[,] nothing in this regard is presented for review." *Durham v. State*.[4]

2. There is likewise no merit to Williams's contention that the contents of the pre-sentence report should have been disclosed to him. OCGA § 17-10-2 "does not require the content of the report to be shared with counsel," and "it is in the sound discretion of the trial judge whether to reveal the content of the report to counsel for the accused and for the state." *Benefield*, supra at 739. While the trial court did not share the entire report with Williams, it did make available to Williams a summary of his prior convictions, which appear to be the basis for the court's sentence, and this is all the statute requires. OCGA § 17-10-2 (a).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2002.

*J. Converse Bright*, for appellant.

*J. David Miller, District Attorney, Melanie J. Brogden, Bradfield M. Shealy, Assistant District Attorneys*, for appellee.

---

[2] *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755) (1983).
[3] *Watkins v. State*, 191 Ga. App. 87, 92 (381 SE2d 45) (1989).
[4] *Durham v. State*, 185 Ga. App. 163, 167 (363 SE2d 607) (1987).
[1] Pennington pled guilty to making an illegal U-turn.