## A03A2109. DORSEY v. THE STATE.
(595 SE2d 106)

PHIPPS, Judge.

Jacques Dorsey appeals his convictions of sexual battery and child molestation. He argues that the evidence was insufficient to support his convictions, that he received ineffective assistance of trial counsel, that the trial court erred by merging the two convictions for sentencing, and that the prosecutor made an improper argument during sentencing. We find no merit in these arguments and affirm.

Viewed in the light most favorable to the jury verdict, the record shows that the victim, A. A., was 13 years old at the time of the inci-

---

[43] See *Garden Hills Civic Assn. v. MARTA*, 273 Ga. 280, 281 (1) (539 SE2d 811) (2000).

dent and lived with her grandmother, great-grandmother, brother, and sister. A. A. testified that one evening she was on the sofa watching television when Dorsey, who was a friend of the family and "like a brother" to her, came over. According to A. A., Dorsey "started asking questions, like have you ever had sex, or do you want me to be your first." After A. A. said "no," Dorsey grabbed her arm, pushed her down, removed her shorts, pulled down his pants, and forced his penis inside her vagina. A. A. screamed and tried to push him away, but he would not move. Eventually, A. A. saw a "shadow" of someone she believed to be her cousin approaching the room. Dorsey stopped, presumably because he also saw the shadow, and told A. A. not to tell anyone what had happened or he would beat her up or kill her.

A. A.'s cousin testified that on the night in question, he drove to the house where A. A. lived and stopped to talk to his uncle, who was sitting on the carport. Dorsey arrived shortly thereafter and entered the house. A. A.'s cousin later went inside, heard A. A. saying "stop, ouch, that hurts," and saw her standing up near Dorsey and straightening her clothing. He asked A. A. if Dorsey had done anything to her, and she said no.

A. A.'s grandmother and great-grandmother both testified that, at the time of the incident, they were in their respective bedrooms with fans and televisions on. A. A.'s grandmother heard A. A. call her name, but thought A. A. was merely fighting with her brother. A. A.'s great-grandmother heard nothing.

A. A. testified that after the incident, she noticed bleeding in her vaginal area. She did not immediately tell anyone about the incident because she was frightened. Approximately three weeks later, however, she wrote a letter to her mother, who was incarcerated, stating that she had been raped but not identifying the perpetrator. A. A.'s mother informed other family members, who questioned A. A. and then called the police.

A. A. was taken to the hospital and examined by Dr. Jamie Walvaren. Walvaren testified that the results of the examination were consistent with A. A.'s allegation that she had been vaginally penetrated three weeks before. She also testified, however, that the results were consistent with A. A. being a virgin.

Dorsey was charged with (1) rape, for having "carnal knowledge of [A. A.] . . . forcibly and against her will," and (2) child molestation, for "plac[ing] his penis on the vagina of [A. A.]," who was under 16, with the intent to arouse and satisfy his sexual desires. At trial, Dorsey testified in his defense and denied raping or molesting A. A. The jury found him not guilty of rape, but guilty of the lesser included offense of sexual battery. It also found him guilty of child molestation. The trial court merged the sexual battery conviction into the child molestation conviction and sentenced Dorsey to 20 years (14 to

be served in prison and the remainder on probation) for the latter crime.

1. Dorsey argues that the evidence was insufficient to support his convictions. We disagree.

"A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person."[1] Child molestation occurs when a person "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[2] A. A.'s testimony that Dorsey pulled off her shorts and forced his penis into her vagina despite her protests was sufficient to support Dorsey's convictions of sexual battery[3] and child molestation.[4]

Dorsey argues that, because the jury acquitted him of rape, it must have rejected A. A.'s allegation that he forcibly penetrated her vagina with his penis. And because forced penetration was the only alleged sexual act, there was no other act to support his sexual battery and child molestation convictions. Essentially, Dorsey argues that under the evidence presented, he was guilty either of rape or of no offense at all. This argument is without merit. The jury was entitled to believe A. A.'s testimony in whole or in part.[5] Thus, it could have concluded that Dorsey placed his penis on A. A.'s vagina (as alleged in the child molestation indictment), but that no penetration occurred.

Dorsey also argues that the state's witnesses provided contradictory accounts of the facts. Such contradictions, however, go to the credibility and weight of the evidence, which are the exclusive province of the jury.[6] Our task is to determine whether the state presented sufficient evidence to authorize the jury to find the defendant guilty beyond a reasonable doubt of each essential element of the alleged offenses.[7] The state met that burden here.

2. Dorsey argues that he received ineffective assistance of trial counsel.

To establish constitutionally defective assistance of counsel, a

---

[1] OCGA § 16-6-22.1 (b).

[2] OCGA § 16-6-4 (a).

[3] See *Clark v. State*, 234 Ga. App. 503 (507 SE2d 241) (1998) (sexual battery requires proof only of "unconsented to . . . physical contact with the victim's intimate parts") (citations and punctuation omitted).

[4] See *Hayes v. State*, 252 Ga. App. 897, 900 (2) (557 SE2d 468) (2001) (evidence that defendant touched child's vagina with his penis was sufficient to sustain child molestation conviction).

[5] See *Demetrios v. State*, 246 Ga. App. 506, 508 (1) (541 SE2d 83) (2000).

[6] See *Clark v. State*, supra at 504.

[7] *Hawkins v. State*, 249 Ga. App. 26 (1) (546 SE2d 280) (2001).

defendant must prove both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[8] In proving deficient performance, the defendant must overcome the strong presumption that counsel's performance was within the wide range of reasonable professional conduct and that counsel exercised reasonable professional judgment.[9] To prove prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.[10] We affirm a trial court's finding that counsel was effective unless it is clearly erroneous.[11]

Dorsey first raised his ineffective assistance argument in an amended motion for new trial. After an evidentiary hearing, the trial court concluded that Dorsey had failed to show either deficient performance or prejudice. The court found that counsel "thoroughly investigated the case, that he made reasonable strategic and tactical decisions at trial, and that he, in consultation with his client, exercised reasonable professional judgment at trial."

(a) Dorsey claims that counsel should have called two witnesses, Kaires Dorsey and Nicole Jones Dorsey, who would have given testimony favorable to his defense. At the hearing, Kaires Dorsey testified that he had accompanied Dorsey to A. A.'s house on the night of the alleged incident. According to Kaires Dorsey, Dorsey was out on the carport the entire time, except for a brief trip inside to use the bathroom. Kaires Dorsey said that he heard no screams coming from within the house. Kaires Dorsey also testified, however, that he did not enter the house and saw nothing that happened inside.

Nicole Jones Dorsey, who was then Dorsey's fiancée and is now his wife, testified that she was not at A. A.'s house on the night in question. She also testified that on one occasion after that night, A. A. and a friend came looking for Dorsey.

Trial counsel testified that he had spoken with both Kaires Dorsey and Nicole Jones Dorsey before trial, but had elected not to call them because they had no personal knowledge of the events inside the house that evening and he therefore felt that their testimony would not help his client. Additionally, counsel thought their testimony "could open the doors to a lot of other questions if somebody slipped up and said something they shouldn't have said." Finally, he wanted to preserve closing argument.

The trial court did not clearly err in finding that counsel's performance was not deficient. Under the circumstances, counsel's decision

---

[8] *Madge v. State*, 245 Ga. App. 848, 850-851 (3) (538 SE2d 907) (2000).
[9] Id. at 851.
[10] Id.
[11] Id. at 850.

not to call the witnesses was a matter of trial strategy, not deficient performance.[12]

(b) Dorsey complains that counsel should have introduced a videotaped interview of A. A. conducted by an official at the Georgia Center for Children. He argues that certain discrepancies between her testimony during the interview and her testimony at trial — for example, different accounts of what she and Dorsey were wearing — would have undermined her credibility. Trial counsel testified that he had seen the videotape before trial, but had not considered introducing it because he felt it had a greater potential to harm his client than to help him. Counsel also testified that he felt the inconsistencies in A. A.'s accounts of the incident were not "strong enough" to justify introducing the videotape. This tactical decision did not amount to deficient performance.[13]

(c) Dorsey contends that counsel should have objected when (1) A. A. began reading to the jury the letter she wrote to her mother stating that she had been raped and (2) her cousin testified that A. A.'s mother told him A. A. had been raped. According to Dorsey, both the letter and the mother's statement were inadmissible hearsay that prejudicially bolstered A. A.'s testimony. Trial counsel testified that he did not think the evidence was harmful because A. A. already had testified that she had been raped. Counsel's decision to forgo objecting to cumulative evidence is a legitimate trial strategy that falls within the range of reasonable professional conduct.[14]

(d) Finally, Dorsey contends that counsel failed to spend sufficient time with him before trial. Dorsey testified that he met with his lawyer only once before trial for approximately 20 minutes. Dorsey's wife, however, testified that she accompanied him to meet with counsel two or three times. Counsel testified that he met with Dorsey several times, but he could not recall an exact number. He also testified that as trial approached, he had trouble reaching his client and that when Dorsey finally appeared, he fell asleep during their meeting. Based on this testimony, the trial court did not clearly err in concluding that Dorsey's testimony that counsel did not adequately prepare for trial was not credible.

3. Dorsey argues that because his sexual battery and child molestation convictions arose from identical conduct — his penis touching A. A.'s vagina — the court could sentence him only for the lesser offense of sexual battery, not for the greater offense of child molestation.

---

[12] See *Williams v. State*, 253 Ga. App. 453, 455 (1) (a) (559 SE2d 512) (2002).
[13] See *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).
[14] See *Smith v. State*, 275 Ga. 326, 328 (3) (565 SE2d 453) (2002).

We rejected a similar argument in *Leslie v. State*.[15] There, the defendant was charged with rape, statutory rape, and child molestation, based on allegations that he had inserted his penis into the child victim's vagina. The jury found him not guilty of rape or statutory rape, but guilty of the lesser included offenses of sexual battery, simple battery, and criminal attempt. It also found him guilty of child molestation. On appeal, the defendant argued that the trial court had erred during sentencing by not merging the greater offenses into the least serious offense. We rejected that argument, holding that when "the jury by its verdict finds the defendant guilty of multiple offenses arising from the same conduct, the court does not err in convicting and sentencing the defendant for the greater offense after merging the lesser offenses into it."[16]

Dorsey argues that *Leslie* is not controlling here because the child molestation charge was a lesser included offense of rape as a matter of fact.[17] But the jury acquitted Dorsey of rape and found him guilty of sexual battery instead. Thus, the greater offense was child molestation, which has the additional elements of the victim being a child under the age of 16 years and the act being committed to arouse or satisfy the sexual desires of either the child or the defendant.[18] Under *Leslie*, the lesser offense of sexual battery was properly merged into the greater offense of child molestation.

4. Finally, Dorsey complains that, at his sentencing hearing, the prosecutor improperly referred to his appearance on a television news program about the prosecution of his relative, former DeKalb County Sheriff Sidney Dorsey. Even if this reference was improper, a question we need not decide, the trial court did not err in imposing sentence. There is a strong presumption that the court ignores illegal evidence and considers only legal evidence in imposing a sentence.[19] Moreover, the court may in its discretion impose any sentence prescribed by law for the offense.[20] Dorsey's sentence fell within the range prescribed by statute for a first offense of child molestation,[21] and nothing in the record shows that the court considered his television appearance in determining the sentence. Accordingly, we find no error.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[15] 211 Ga. App. 871 (440 SE2d 757) (1994).

[16] Id. at 872.

[17] See *Pruitt v. State*, 258 Ga. 583, 589 (13) (e) (373 SE2d 192) (1988) (child molestation may be lesser included offense of rape as a matter of fact, where victim is under the age of 14).

[18] Compare OCGA § 16-6-4 (a) with OCGA § 16-6-22.1 (b).

[19] *Williams v. State*, 254 Ga. App. 836, 837 (1) (563 SE2d 914) (2002).

[20] Id.

[21] See OCGA § 16-6-4 (b).

DECIDED JANUARY 30, 2004 —
RECONSIDERATION DENIED FEBRUARY 13, 2004

*Maria Murcier-Ashley*, for appellant.
*J. Tom Morgan*, District Attorney, *Rosemary W. Brewer*, Assistant
District Attorney, for appellee.