## S06A0170. WINSTEAD v. THE STATE.
(632 SE2d 86)

SEARS, Chief Justice.

On November 10, 2004, the appellant, Daniel Winstead, pled guilty to driving under the influence. This was Winstead's second conviction for driving under the influence in five years. In sentencing Winstead, the trial court did not require Winstead to install an ignition interlock device on his vehicles pursuant to the provisions of OCGA §§ 42-8-111 and 42-8-112. Winstead subsequently filed a motion to set aside his sentence, contending that the trial court was required to order him to install an ignition interlock device. The trial court denied Winstead's motion, and Winstead has now filed this appeal, contending that the trial court erred in not setting aside his sentence. Winstead's sentence, however, was more lenient to him than permitted under OCGA § 42-8-111. In situations where a defendant has received a sentence that is too lenient under the law, it has been held that a "defendant will not be heard to complain on appeal that he was 'accorded an unmerited privilege with beneficent results.' "[1] Accordingly, the trial court in the present case did not err in denying Winstead's motion to set aside his sentence.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2006.

*Carson & Ruskell, G. Channing Ruskell*, for appellant.
*David L. Cannon, Jr.*, Solicitor-General, *Barry W. Hixson*, Assistant Solicitor-General, for appellee.

---

[1] *Woodson v. State*, 267 Ga. App. 636, 638 (600 SE2d 717) (2004), quoting *Fortson v. Hopper*, 242 Ga. 81, 82 (247 SE2d 875) (1978).

[2] Because we are able to affirm the trial court's judgment for the foregoing reason, we need not address the constitutional issue that the trial addressed and that formed the basis of jurisdiction in this Court. See *Green v. Green*, 263 Ga. 551, 552 (437 SE2d 457) (1993) (This Court will not decide cases "on constitutional issues when other issues are dispositive.").