A08A2385. SMITH v. THE STATE.
(674 SE2d 71)

DOYLE, Judge.

Following his guilty plea to one count of trafficking in cocaine,[1] William Smith directly appeals, contending that the trial court

---

[1] OCGA § 16-13-31 (a) (1).

imposed an illegal sentence because it was based on an amount of cocaine not specified in the indictment. For the reasons that follow, we affirm.

The undisputed record shows that Smith was indicted for trafficking in cocaine, possession of marijuana with intent to distribute, and possession of drug related objects. He pleaded guilty to the trafficking charge, and the State nolle prossed the remaining two counts.

At the sentencing hearing, the trial court received uncontested evidence that the amount of cocaine Smith possessed was 224 grams of 74 to 83 percent purity. The trial court also received evidence that Smith had at least three prior felony convictions, two of which were drug related.[2] The trial court sentenced Smith to serve 30 years, with 15 years in confinement and 15 years probated, and to pay a $300,000 fine.

Smith now appeals, arguing that the trial court erred in sentencing him to the mandatory minimum specified for possession of 200 or more grams of cocaine, because the indictment only accused him of possessing "twenty-eight (28) grams or more." We disagree.

OCGA § 16-13-31 (a) (1) provides the following sentencing structure, in relevant part:

(A) If the quantity of the cocaine or the mixture involved is 28 grams or more, but less than 200 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $200,000.00;

(B) If the quantity of the cocaine or the mixture involved is 200 grams or more, but less than 400 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of 15 years and shall pay a fine of $300,000.00. . . .

As an initial matter, we note that Smith's sentence did not exceed the statutory range permitted by law. OCGA § 16-13-31 (h) provides that anyone found guilty of trafficking in cocaine "shall be punished by imprisonment for not less than five years nor more than [thirty] years and by a fine not to exceed $1 million." As such, the sentence was not facially illegal as excessive because "the trial court may give in its discretion any sentence prescribed by law for the offense."[3] The court was not mistaken as to the limits of its

---

[2] The record does not indicate that Smith was sentenced as a recidivist under OCGA § 17-10-7.

[3] (Punctuation omitted.) *Williams v. State*, 254 Ga. App. 836, 837 (1) (563 SE2d 914)

discretion,[4] and the court explicitly exercised its discretion, as noted in the sentencing transcript:

> [T]his mandatory minimum of 10 or 15, it really doesn't matter because whether it had been 224 [grams] or less than 200 [grams], I was going to give you at least 15 to serve in this case anyway. . . . [Even] if it had been less than 200 [grams of cocaine], I would have done what I'm about to do.

Therefore, as the sentence was within the statutory limits, and the trial court did not improperly constrain its discretion, the sentence imposed by the trial court was not illegal.[5]

Smith nevertheless argues that because the indictment alleged that the amount of cocaine he possessed was 28 grams or more (and not specifically 200 grams or more), he could not be sentenced under OCGA § 16-13-31 (a) (1) (B) to serve the mandatory minimum of 15 years plus pay a $300,000 fine (which is the mandatory minimum for possession of 200 grams or more of cocaine). However,

> [i]t is the *conviction* of the specific trafficking offense[6] which authorizes the particular sentence, and not the language of the indictment, which correctly charged [Smith] with possession of ["twenty-eight (28) grams or more of a mixture containing at least ten percent (10%) cocaine"]. . . . The sentence was within the maximum sentence for the offense (see [OCGA] § 16-13-31 ([h])) and is therefore not invalid or illegal.[7]

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

---

(2002). See *Vinson v. State*, 190 Ga. App. 676, 677 (2) (379 SE2d 792) (1989) ("[i]f the sentence is within the statutory limits, the appellate courts will not review it") (punctuation omitted).

[4] Compare *Banks v. State*, 225 Ga. App. 754, 757 (5) (484 SE2d 786) (1997) (vacating sentence and remanding case for resentencing because trial court failed to exercise discretion based on mistaken belief that its discretion was constrained by statute).

[5] See *Small v. State*, 243 Ga. App. 678, 680 (3) (534 SE2d 139) (2000).

[6] See OCGA § 16-13-31 (a) (1) (defining the *offense* as follows: "[a]ny person . . . who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . in violation of this article commits the felony offense of trafficking in cocaine").

[7] (Emphasis in original; citation omitted.) *Moon v. State*, 194 Ga. App. 777, 780 (4) (392 SE2d 19) (1990).

DECIDED FEBRUARY 18, 2009.

*Richard Parker*, for appellant.
*Joseph K. Mulholland, District Attorney, Samuel M. Olmstead, Eric A. Collins, Assistant District Attorneys*, for appellee.