**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 10, 2020**

# In the Court of Appeals of Georgia

A19A2048. BROWN v. THE STATE.

MILLER, Presiding Judge.

Watson Brown pleaded guilty to one count of trafficking in cocaine in violation of OCGA § 16-13-31 (a) (1) (A), and the trial court sentenced him to 25 years' imprisonment. Appealing pro se from the trial court's denial of his motion to correct void sentence, Brown argues that the trial court erred in failing to include a fine as part of his sentence. Because a defendant will not be heard to complain on appeal of a sentence that is more lenient than permitted by statute, we affirm.

In 2016, Brown pleaded guilty to trafficking cocaine with a weight of more than 28 grams, in violation of OCGA § 16-13-31 (a) (1) (A), and the State nolle prossed various other drug related offenses charged against him. OCGA § 16-13-31 (a) (1) (A) (2015) provides that "[i]f the quantity of the cocaine or the mixture

involved is 28 grams or more, but less than 200 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $200,000.00." Brown later filed a motion to correct void sentence, which the trial court denied, and this appeal followed.

"A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, however, the sentence is not void." (Citations and punctuation omitted.) *Spargo v. State*, 332 Ga. App. 410, 411 (773 SE2d 35) (2015).

First, Brown's 25-year sentence of imprisonment "did not exceed the statutory range permitted by law." *Smith v. State*, 296 Ga. App. 183, 184 (674 SE2d 71) (2009). OCGA § 16-13-31 (h) (2015) provides as follows: "Any person who violates any provision of this Code section shall be punished . . . for not more than 30 years of imprisonment and by a fine not to exceed $1 million." Because Brown's 25-year sentence was within this statutory limit, he has presented no basis upon which to vacate the sentence of imprisonment. See *Smith*, supra, 296 Ga. App. at 184 ("[T]he trial court may give in its discretion any sentence prescribed by law for the offense.") (citation omitted).

Second, insofar as Brown characterizes his sentence as void because the trial court did not impose the mandatory $200,000.00 fine, this does not present us with a basis for reversal. The Supreme Court of Georgia addressed an analogous issue in *Winstead v. State*, 280 Ga. 605 (632 SE2d 86) (2006). In that case, the defendant pleaded guilty to driving under the influence. Id. Although this was the defendant's second DUI conviction in five years, the trial court did not require him to install an ignition interlock device on his vehicles pursuant to mandatory statutory provisions. Id. In rejecting the defendant's argument that the trial court erred in not setting aside his sentence, the Supreme Court explained that "where a defendant has received a sentence that is too lenient under the law, [he] will not be heard to complain on appeal that he was accorded an unmerited privilege with beneficent results." (Citations and punctuation omitted.) Id.[1]

---

[1] To be sure, we have properly vacated sentences which did not include a mandatory fine in appeals where the *State* was the complaining party. See *State v. Andrews*, 278 Ga. App. 899 (630 SE2d 139) (2006); *Conrad v. State*, 217 Ga. App. 388, 390 (3) (457 SE2d 592) (1995). That is not the case here. Also, the issue that the State explicitly raises is whether an appellate court is obligated to, at a defendant's urging, vacate a sentence on the ground that it is more lenient than the law prescribes. Insofar as there are post-*Winstead* appeals in which the defendant challenged the validity of a sentence, and the vacating of that sentence could have resulted in harsher punishment, our research has uncovered no case in which the issue squarely before us was raised and decided upon. See *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007) ("It is axiomatic that the decisions of this Court do not stand for points that

The Supreme Court of Georgia's holding applies here, and, without question, we are bound by this principle of law. *Watson v. State*, 337 Ga. App. 16, 18 (1) (785 SE2d 656) (2016) ("[W]e have no authority to overrule or modify a decision made by the Supreme Court of Georgia, as the decisions of the Supreme Court shall bind all other courts as precedents.") (citation omitted). Accordingly, that the trial court did not require Brown to pay a fine as part of his sentence is not grounds to vacate his sentence, and in this case we affirm.

*Judgment affirmed. Rickman and Reese, JJ., concur*.

---

were neither raised by the parties nor actually decided in the resulting opinion, and that questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.") (citation and punctuation omitted); *State v. Riggs*, 301 Ga. 63, 66 (1), n.5 (799 SE2d 770) (2017) ("Our decisions stand only for the points raised by the parties and decided by the [C]ourt.") (citation and punctuation omitted); *Patterson v. State*, 347 Ga. App. 105, 110 (1), n.6 (817 SE2d 557) (2018).