**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 7, 2026**

# In the Court of Appeals of Georgia

A25A2174. GLOVER v. THE STATE.

MCFADDEN, Presiding Judge.

In 2017, the trial court sentenced Michael Anthony Glover to life imprisonment on a conviction for rape and 25 years imprisonment on a conviction for aggravated sodomy, to be served consecutively. In 2025, Glover moved the trial court to vacate his sentence as void, arguing that the law required the trial court to impose a split sentence for aggravated sodomy and to impose concurrent, rather than consecutive, sentences. The trial court denied the motion, and Glover appeals pro se. As detailed below, Glover failed to present a cognizable claim that his sentence was void and, consequently, the trial court lacked jurisdiction to modify it. So we vacate the trial court's order and remand the case to the trial court with direction that the trial court

dismiss Glover's motion for lack of jurisdiction. See *State v. Boddie*, 374 Ga. App. 725, 730 (913 SE2d 860) (2025).

1. *Extent of trial court jurisdiction*

"When a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited." *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). Where, as here, the appellant's motion to modify or vacate a sentence is filed more than one year after it was imposed, "the sentencing court had jurisdiction of [the] motion only to the extent that it presented a cognizable claim that the sentence was void." *von Thomas*, supra. See generally OCGA § 17-10-1 (f) (1) (permitting a sentencing court to vacate or modify a sentence "[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgement after direct appeal, whichever is later").

2. *Absence of a cognizable claim of a void sentence*

Glover did not present a cognizable claim that his sentence was void. A sentence is void "if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is

not void." *Albright v. State*, 373 Ga. App. 903, 905 (910 SE2d 814) (2024) (citations and punctuation omitted).

(a) *Aggravated sodomy*

"A person convicted of the offense of aggravated sodomy shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life." OCGA § 16-6-2 (b) (2). Here, the trial court sentenced Glover to 25 years imprisonment but did not also sentence him to probation for life following that term of imprisonment. So Glover is correct that the trial court failed to sentence him to a split sentence.

But the term of 25 years imprisonment falls within the statutory range of punishment, and the trial court's failure to include probation is an error in Glover's favor. In other words, Glover received a sentence that was too lenient under the law. Our Supreme Court has held that, in such situations, "a defendant will not be heard to complain on appeal that he was accorded an unmerited privilege with beneficient results." *Winstead v. State*, 280 Ga. 605 (632 SE2d 86) (2006) (citation and punctuation omitted). And we have applied that principle of law to reject a

defendant's argument that he received a void sentence, when his term of imprisonment fell within the statutory limit but the trial court failed to also impose a mandatory fine. *Brown v. State*, 353 Ga. App. 559, 560-561 (839 SE2d 21) (2020).

The same rationale applies here. Because Glover's 25-year term of imprisonment fell within the statutory limit, the trial court's failure to also impose probation does not make his sentence for aggravated sodomy void.

(b) *Consecutive sentences*

"Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein." OCGA § 17-10-10 (a). Glover argues that this Code section prohibits the trial court from imposing consecutive sentences for his aggravated sodomy and rape convictions, because the statutes establishing those offenses did not expressly provide for consecutive sentences.

But our Supreme Court has held that the statutory language "creates a presumption that sentences will run concurrently but empowers a *trial court* to 'otherwise expressly provide[ ].'" *State v. Riggs*, 301 Ga. 63, 68 (2) (a) (799 SE2d 770)

(2017) (emphasis supplied). Thus, "a trial court has discretion to impose consecutive or concurrent sentences for multiple offenses as long as the sentence for each offense is within the statutory limits." *State v. Bertrand*, __ Ga. App. __ (__ SE2d __) (2025), A25A1455, slip op. at 6 (Ga. App. Oct. 7, 2025).

Each of Glover's sentences fell within the statutory limits for the offenses. See OCGA § 16-6-1 (b) (permitting a life sentence for the offense of rape); OCGA § 16-6-2 (b) (2) (permitting a 25-year sentence of imprisonment for the offense of aggravated sodomy). Consequently, Glover has not shown that the trial court's imposition of consecutive sentences rendered his sentence void.

3. *Conclusion*

Because Glover's motion to vacate his sentence "presented no cognizable claim that his sentence was void, . . . the trial court therefore should have dismissed his motion for lack of jurisdiction." *Boddie*, 374 Ga. App. at 730. So we vacate the order

5

denying the motion to vacate and remand this case for the trial court to dismiss the motion. See *Kimbrough v. State*, 325 Ga. App. 519, 522 (1) (754 SE2d 109) (2014).

*Judgment vacated and case remanded with direction. Hodges and Pipkin, JJ., concur.*